**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

JOHN GREENHILL,

Plaintiff,

v.

RICARDO YATES, *Correctional Officer*, and MONTGOMERY COUNTY, MARYLAND,

Defendants.

Civil Action No. 24-1627-TDC

## MEMORANDUM OPINION

Self-represented Plaintiff John Greenhill, an inmate currently incarcerated at the Dorsey Run Correctional Facility in Jessup, Maryland, has filed a complaint pursuant to 42 U.S.C. § 1983 in which he alleges violations of his rights under the United States Constitution by Correctional Officer Ricardo Yates and Montgomery County, Maryland ("the County"). Officer Yates and the County have each filed a Motion to Dismiss the Amended Complaint, which are fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the County's Motion will be GRANTED, and Officer Yates's Motion will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The following relevant facts drawn from the Amended Complaint are considered true for purposes of resolving the Motions.

At all relevant times, Greenhill was incarcerated at the Montgomery County Correctional Facility ("MCCF") in Boyds, Maryland. On October 18, 2023, at approximately 11:15 p.m., Greenhill was working in the North One Segregation Housing Unit at MCCF as part of a sanitation

cleaning crew. At that time, Officer Vasquez ordered Greenhill and his two co-workers to go into an adjacent outside recreation area while new inmates were bought into the unit to occupy empty cells. After the new inmates were placed in their cells, Officer Vasquez directed Greenhill and his co-workers to return from the recreation area to the housing unit to complete their cleaning tasks.

At this time, Officer Yates approached Greenhill and his two co-workers and stated, "Why the fuck y'all don't know how to listen, we said go into the Rec yard." Am. Compl. ¶ 9, ECF No. 8-1. Greenhill told Officer Yates that he did not "have to curse at us" and explained that Officer Vasquez had ordered them back into the housing unit to resume their cleaning duties. *Id.* ¶ 10. Officer Yates then told Greenhill that he been "waiting" for him, called him a "[s]nitch," and claimed that Greenhill had "told on" him. *Id.* ¶ 11. According to Greenhill, Officer Yates told Greenhill's co-workers that his statements had "nothing to do with" them. *Id.* Greenhill tried to defend himself by stating that he had "never told on anybody," but Officer Yates continued to insist in "a very loud and boisterous manner" that Greenhill was a snitch and encouraged Greenhill's co-workers to assault him. *Id.* ¶ 12. Greenhill asserts that "all inmates within the unit" heard Officer Yates's accusation. *Id.*

On October 25, 2023, at approximately 9:50 a.m., while Greenhill was on the telephone in housing unit CFC-2-2, Officer Yates came over to him and, without provocation, grabbed his right wrist and jerked it "with violent force," which caused "extreme pain and discomfort" which continues to the present day. *Id.* ¶ 13. Officer Yates told Greenhill that he "was not going to forget [his] snitching bitch ass." *Id.* Later that same day, at approximately 12:15 p.m., Officer Yates told Officer Whales that a sergeant wanted to see Greenhill in the corridor outside the housing unit. When Officer Whales opened a door to allow Greenhill to enter that corridor, Officer Yates was the only correctional officer there. Officer Yates then grabbed Greenhill's right wrist and right arm

and "jerk[ed] them with much greater force" than during the earlier encounter. *Id.* ¶ 16. While doing so, Officer Yates told Greenhill, "I can make it harder" and "I can say you pulled a weapon and kill your no good snitching ass right here bitch." *Id.*

In the presently operative Amended Complaint, Greenhill alleges that because Officer Yates repeatedly called him a snitch in the presence of other inmates and encouraged other inmates to assault him, he was placed at risk of such an assault. In Greenhill's view, through this conduct, Officer Yates violated the Eighth Amendment to the Constitution because it exposed Greenhill to a substantial risk of serious physical harm from which he was entitled to be protected. Greenhill also claims that Officer Yates, by twice grabbing his wrist or arm violently, violated the Fourth, Eighth, and Fourteenth Amendments, as those actions constituted deliberate assaults committed without adequate provocation or justification.

As to the County, Greenhill alleges that Officer Yates's actions were perpetrated pursuant to a custom and policy of the County to fail properly to train and discipline correctional officers who engage in such conduct. Greenhill further asserts that Officer Yates has had a "lengthy history of committing [c]onstitutional [t]orts against prison[er]s" that was well known to the County. *Id.* ¶ 24.

Finally, based on the same facts, Greenhill also alleges state law claims against Officer Yates for second-degree assault and a violation of Maryland regulations governing the conduct of state law enforcement officers.

As relief, Greenhill seeks compensatory and punitive damages from both Defendants.

## DISCUSSION

In the Motions, Defendants seek dismissal of Greenhill's claims on the grounds that (1) Greenhill failed to exhaust administrative remedies in relation to the second incident on October

25, 2023 when Officer Yates was allegedly waiting for Greenhill in a corridor; (2) the force used in these incidents was insufficient to support a constitutional violation; and (3) the state law claims fail both because the assault claim is based on a criminal statute for which Greenhill lacks a private right of action, and the amount of force used was insufficient to support an assault claim.

In its Motion, the County also seeks dismissal of the claims against it on the grounds that the Amended Complaint fails to allege sufficient facts to demonstrate a custom or policy of constitutional violations as required to establish municipal liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## I. Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

## II. Exhaustion of Administrative Remedies

Defendants both seek dismissal of Greenhill's claims based on the second October 25, 2023 incident on the grounds that Greenhill did not exhaust administrative remedies. Under the Prison

Litigation Reform Act of 1995, 42 U.S.C. § 1997e, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* § 1997e(a). Inmates must exhaust administrative remedies before they bring any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In federal court, exhaustion of administrative remedies is an affirmative defense, such that a prisoner plaintiff has no obligation to plead facts or attach to a complaint specific proof of such exhaustion. *See Jones v. Bock*, 549 U.S. 199, 215–16 (2007). Rather, a defendant invoking this affirmative defense must identify or provide evidence establishing the failure to exhaust administrative remedies. *See id.*; *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). Under this standard, defendants seeking dismissal based on a failure to exhaust administrative remedies ordinarily file a motion for summary judgment and attach proof of such a failure, which may include, as applicable, a copy of the relevant administrative grievance policy, relevant prison records of any grievances filed by the prisoner relating to the claim in the complaint, and an affidavit or declaration from a prison official attesting to the fact that the official reviewed the relevant files and found that there was no record that the prisoner had filed an administrative grievance or completed all levels of appeal.

Here, however, Defendants have provided no such evidence. Rather, Greenhill has submitted various Inmate Grievance Forms, including at least one referencing an incident on October 25, 2023 when Yates grabbed his wrist "again," 11/13/23 Inmate Grievance Form at 1, Opp'n Ex. at 5, ECF No. 31-1, and Defendants have not demonstrated that this grievance did not

relate to the identified incident, that there was no other grievance relating to the second incident, or that the relevant grievance was not pursued through all available steps. Accordingly, the Motions will be denied without prejudice as to the issue of exhaustion of administrative remedies.

**III. Eighth Amendment: Failure to Protect**

Defendants seek dismissal of Greenhill's constitutional claim based on the allegation that Officer Yates placed Greenhill in physical danger by repeatedly calling him a snitch in the presence of other inmates. Because Greenhill had been convicted of a criminal offense shortly before the incidents at issue in this case, the claim is governed by standards under the Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This prohibition "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). Although an Eighth Amendment claim can arise from a failure to protect an inmate from an assault by another inmate, "not every injury suffered by a prisoner at the hands of another 'translates into constitutional liability for prison officials responsible for the victim's safety.'" *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A two-part inquiry that includes both an objective and a subjective component must be satisfied before liability is established. *See Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016). Objectively, the prisoner "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or a substantial risk of such an injury. *Id.* (quoting *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014)). Subjectively, the prisoner must establish that the prison officials exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). Such deliberate indifference exists if there was a substantial risk of serious harm that was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the

past," and the prison official in question had been exposed to that information but did not reasonably respond to it. *Cox v. Quinn*, 828 F.3d 227, 236 (4th Cir. 2016). Deliberate indifference also exists when prison officials were "aware that the plaintiff inmate face[d] a serious danger to his safety and they could avert the danger easily yet they fail[ed] to do so." *Id.* Where prison officials respond reasonably to the risk, they are not liable even if the harm was not ultimately averted. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994).

Here, although Greenhill has alleged that Officer Yates called him a snitch, he has alleged no facts that he was then physically harmed by another inmate as a result. Moreover, he has not provided any facts showing that he was threatened or even treated differently by other inmates following these incidents. He has also failed to allege facts showing any prior incidents in which he or others at MCCF were subjected to physical harm when a correctional officer called an inmate a snitch, particularly in the present circumstance where the allegation is not that the inmate reported misconduct by a fellow inmate, but that the inmate reported misconduct by a correctional officer. Accordingly, the Court finds that Greenhill has failed to allege sufficient facts demonstrating that Officer Yates's statements caused an objectively serious or significant risk of harm to Greenhill. *See Abney v. Jopp*, 655 F. Supp. 2d 231, 233–34 (W.D.N.Y. 2009) (dismissing an Eighth Amendment claim based on an allegation that a correctional officer called the plaintiff a snitch, where there was no showing of actual harm or of an excessive risk to the inmate's safety).

## IV. Eighth Amendment: Excessive Force

Defendants also seek dismissal of Greenhill's Eighth Amendment claim based on excessive force on the grounds that Greenhill has failed to state facts sufficient to support such a claim. The Eighth Amendment is violated when an inmate is subjected to "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153,

173 (1976)). To establish an Eighth Amendment violation based on the use of excessive force, an inmate must establish both that (1) the injury or deprivation inflicted was objectively serious enough to constitute a violation; and (2) the prison official subjectively "acted with a sufficiently culpable state of mind." *Williams*, 77 F.3d at 761.

"The objective component measures the nature of the force employed, asking whether that force 'was sufficiently serious to establish a cause of action.'" *Dean v. Jones*, 984 F.3d 295, 302 (4th Cir. 2021) (quoting *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019)). "This is not a high bar." *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019). A prisoner asserting an Eighth Amendment excessive force claim need only demonstrate that the officer used a "nontrivial" amount of force. *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010) (per curiam). An Eighth Amendment violation can occur even if a correctional officer's action did not cause serious injury. *Id.* at 38. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). At the same time, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 9). A prisoner "who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Id.* at 38.

Here, however, Greenhill alleges that on October 25, 2023, Yates twice grabbed his wrist and yanked his arm violently and without provocation. In the first incident, at 9:50 a.m., Officer Yates approached Greenhill while he was on the phone and "without any provocation, justification or excuse, violently grabbed" Greenhill's right wrist and "jerk[ed] it with violent force" that caused "extreme pain and discomfort" that "continu[es] to date." Am. Compl. ¶ 13. In the second incident, at 12:15 p.m., Officer Yates was waiting for Greenhill when he was directed to go into in

a hallway and, without provocation, "grabbed" Greenhill's right wrist and arm, "jerking them with much greater force than he had some two hours earlier." *Id.* ¶ 16. Although not as egregious as other acts of alleged excessive force, this conduct was nontrivial, particularly where there was no identifiable need to use any force at all, and Greenhill has asserted that it caused extreme pain that has continued to the present day. The United States Court of Appeals for the Fourth Circuit has found similarly limited conduct to satisfy the objective component of an excessive force claim. *See Rios v. Veale*, 648 F. App'x 369, 371 (4th Cir. 2016) (reversing the dismissal of an excessive force claim where the inmate alleged that the officer "forcefully closed" the meal tray trap "with [the inmate's] arm still in the trap, . . . causing [the inmate] to seek medical attention," and stating that "these allegations, although brief, are sufficient to state an Eighth Amendment excessive force claim in that they reflect that [the officer] utilized more than de minimis force in a situation that does not appear to have required any use of force"); *Bacon v. Wood*, 616 F. App'x 601, 603 (4th Cir. 2015) (vacating a grant of summary judgment to the officer on an excessive force claim, based on the finding that the objective component was satisfied where the correctional officer pulled the inmate's hands through the tray slot and caused injury, and there was no need to apply any force); *Bacon v. Wood*, No. 13CV00565, 2014 WL 7369356, at *1 (W.D. Va. Dec. 29, 2014) (providing the underlying facts for the Fourth Circuit's ruling in *Bacon*). The Court therefore finds that Greenhill has sufficiently alleged facts demonstrating the objective element.

On the subjective element, an inmate must show that correctional officers applied force "maliciously and sadistically for the very purpose of causing harm" and thus "inflicted unnecessary and wanton pain and suffering," rather than "in a good faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). In assessing this element, a court should consider "(1) the need for the application of force; (2) the

relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat"; and "(4) any efforts made to temper the severity of a forceful response." *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008) (quoting *Whitley*, 475 U.S. at 321). Here, based on Greenhill's allegations, there was no need for Officer Yates to use any force in either incident, as Greenhill had not engaged in any improper conduct. Although Officer Yates references a possible need to check Greenhill's identification, Greenhill asserts that he was already well known to Officer Yates such that there was no need to check his identification, and the Court must view the allegations in the light most favorable to Greenhill. Most importantly, Greenhill has asserted that Officer Yates's use of force was accompanied by statements demonstrating malicious intent, specifically accusations that Greenhill was a "snitching bitch" and a threat to falsely accuse Greenhill of pulling a gun and then killing him. Am. Compl. ¶¶ 13, 16. Under these circumstances, the Court concludes that Greenhill has satisfied the subjective component. The Motion will therefore be denied as to the excessive force claim against Officer Yates.

## V. Municipal Liability

The County seeks dismissal of the claims against it on the grounds that Greenhill has not alleged sufficient facts to state a plausible claim of a custom or policy of constitutional violations as required to establish municipal liability under 42 U.S.C. § 1983.

Section 1983 provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the United States Supreme Court held that local government entities are considered "persons" for the purposes of § 1983, but they may not

be held liable solely because they employ an individual who committed an unlawful act. *Id.* at 690–91. Rather, local governments may be sued only if the alleged constitutional violation results from a custom or policy of the local government. *Id.* A plausible *Monell* claim requires a plaintiff to "point to a 'persistent and widespread practice[] of municipal officials,' the 'duration and frequency' of which indicate that policymakers (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their 'deliberate indifference.'" *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014) (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1386–91 (4th Cir. 1987)).

Here, Greenhill's claim against the County is that it "ratified, sanctioned and endorsed" Officer Yates's actions through "its failure to properly train [and] discipline abhorrent employees such as Defendant Yates whose lengthy history of committing [c]onstitutional [t]orts . . . has long been known" by the County. Am. Compl. ¶ 24. The Amended Complaint, however, provides no facts showing that Officer Yates had any prior history of similar conduct, or that the County was aware of any such prior incidents. Greenhill has also failed to show that other correctional officers engaged in similar conduct in a persistent and widespread manner, that the County was aware of such conduct, or that the County failed to discipline correctional officers for such conduct. Because Greenhill has failed to allege sufficient facts to support a claim that Officer Yates's actions were based on a County custom or policy of constitutional violations, the claims against the County will be dismissed.

## VI. State Law Claims

Greenhill also alleges that Officer Yates engaged in an assault in violation of Maryland criminal law and violated unspecified regulations relating to the conduct of state correctional officers. Officer Yates correctly argues that a private citizen may not assert a claim for a violation

of criminal law. *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). The Court also finds the reference to regulations to be too general to support a claim, particularly where Greenhill has not demonstrated that there is a private right of action to enforce the unspecified regulations. These claims will therefore be dismissed. Nevertheless, because a self-represented complaint must be construed liberally, the Court will construe the assault claim to be a civil claim based on the common law tort of assault. Where the Court has found that the Eighth Amendment excessive force claim may proceed, the Court in turn finds both that there is supplemental jurisdiction under 28 U.S.C. § 1367(a) over a state law assault claim and that the allegations are sufficient to support the claim. Accordingly, the Court, while limiting the state law claims to a common law tort claim of assault, will decline to dismiss that claim.

## VII. Request for Appointment of Counsel

In his Amended Complaint, Greenhill also requested appointment of counsel. There is no absolute right to appointment of counsel. *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). A federal district court, in its discretion, may appoint counsel in a civil case when an indigent party presents exceptional circumstances. 28 U.S.C. § 1915(e)(1); *see Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Based upon a "fact specific, two-part inquiry," a court may find exceptional circumstances if it finds that (1) "the plaintiff has a colorable claim"; and (2) "considering the claim's objective complexity and the plaintiff's subjective abilities," the plaintiff "lacks the capacity to present it." *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024).

Here, as discussed above, Greenhill has stated viable claims. Where the next step in the case is discovery, the Court finds that as an incarcerated individual, Greenhill lacks the ability to

litigate the case effectively going forward. Accordingly, the Court will grant the request and appoint counsel to represent Greenhill.

## CONCLUSION

For the foregoing reasons, the County's Motion to Dismiss will be GRANTED, and Officer Yates's Motion to Dismiss will be GRANTED IN PART and DENIED IN PART in that it will be granted as to the Eighth Amendment claim based on a failure to protect him and any state law claims other than a tort claim for assault, and denied as to the Eighth Amendment claim based on excessive force and the state law assault claim construed as a civil tort action. A separate Order shall be issued.

Date: August 18, 2026

THEODORE D. CHUANG
United States District Judge